Filed 8/25/20  P. v. Archuleta CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077364 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF30393) |
| STEPHEN ARCHULETA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County, William D. Lehman, Judge.  Affirmed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, Stephen Archuleta pleaded no contest to possession of an illegal substance (3.3 grams of marijuana) in prison (Pen. Code, § 4573.6) and

admitted two strike priors. The court struck the prior allegations and sentenced Archuleta to a three-year term.

In 2019, Archuleta filed a petition to vacate his conviction under Proposition 64. The court denied the petition finding Proposition 64 did not affect Penal Code section 4573.6. Specifically, the trial court relied on *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*), in determining possession of not more the 28.5 grams of marijuana in prison remained a felony.

Since the trial court's ruling, a different Court of Appeal in *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019, S256978 (*Raybon*)), found that use of marijuana in prison remains a felony under Penal Code section 4573.8, but that a very narrow reading of Proposition 64 renders possession of a small amount of marijuana while in prison no longer a crime. Apparently, under that reasoning, one can bring small amounts of marijuana into the prison and possess it, so long as they don't use it.

Recently in *People v. Whalum* (2020) 50 Cal.App.5th 1 (*Whalum*), review granted August 12, 2020, S262935, this court discussed the validity of Penal Code section 4573.8 prohibiting smoking or ingesting controlled substances in prison. We found the section remained valid after Proposition 64. We did not specifically rule on the validity of Penal Code section 4573.6 in cases where less than an ounce of marijuana is possessed in prison.

Archuleta appeals, contending we should follow the *Raybon* decision and declare that possessions of "small amounts of cannabis in prison can no longer be a violation of Penal Code section 4573.6." As we will discuss, we agree with the court's analysis in *Perry* and find Proposition 64 did not affect the section used in this case. Accordingly, we will affirm the denial of Archuleta's petition.

2

## DISCUSSION

### A. The Contentions

Archuleta contends his conviction under Penal Code section 4573.6 must be vacated because it has been impliedly repealed (at least in part) by Proposition 64. He recognizes there is no specific language in the proposition indicating it impacts statutes that prohibit either the possession or use of marijuana by prison or jail inmates.

Archuleta's challenge has two principal anchors. First, he contends because the proposition makes it unlawful to possess not more than 28.5 grams of marijuana outside of a prison or jail by persons who are at least 21 years old, under the language of Penal Code section 4573.6, possession of such small amount of marijuana in prison is no longer a crime.

The second basis for his contention is the so-called carve-out provision in the proposition that exempts statutes "pertaining" to use of controlled substances in prison means Penal Code section 4573.6, which deals with possession, does not "pertain" to the use or ingestion of controlled substances.

Both arguments, which Archuleta makes here, were correctly rejected in *Perry*, *supra*, 32 Cal.App.5th 885. As we will explain, we agree with the decision in *Perry* and decline to follow the contrary views expressed in *Raybon*.

### B. Legal Principles

Proposition 64 made a number of changes in statutes relating to the use of marijuana. Relevant here is the modification that the proposition decriminalized simple possession of not more than 28.5 grams of marijuana by persons over 21 outside of prisons or jails. It does not mention the crime of possession of marijuana by inmates, except in what has been called the carve-

3

out section, indicating those marijuana related statutes not affected by the proposition.

Health and Safety Code[1] section 11362.45, subdivision (d) provides in part, that its section 11362.1 " 'does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking, or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation . . . .' (§ 11362.45, subd. (d).)" (*Perry*, *supra*, 32 Cal.App.5th at p. 891.)

The court in *Perry* specifically rejected Archuleta's contention that the carve out does not apply to Penal Code section 4573.6 because the language of that section deals with possession and not use, thus a contention it does not pertain to smoking or ingestion. The court in *Perry* recognized the theoretical possibility that one could use drugs in prison without "possessing" them in a legal sense. However, someone must possess the physical product in order for anyone to use it. The court there found limitation of possession of marijuana in prison clearly pertained to the ultimate goal of preventing the unlawful use of controlled substances by inmates. (*Perry*, *supra*, 32 Cal.App.5th at p. 892.)

The court in *Perry* also rejected the contention that Penal Code section 4573.6 is no longer valid because it prohibits possession of controlled substances in prison if they are regulated by Division 10 of the Health and Safety Code. (*Perry*, *supra*, 32 Cal.App.5th at p. 893.) The contention is premised on the fact that personal possession of less than 28.5 grams by persons 21 years old is no longer criminal. Thus, the argument continues

---

[1] All further statutory references are to the Health and Safety Code unless otherwise specified.

4

that possession of small amounts of marijuana is not regulated by division 10.

In *Perry*, the court rejected the argument and stated: "Here, a conclusion that division 10 [of the Health and Safety Code] does not prohibit the possession of not more than 28.5 grams of cannabis for purposes of Penal Code section 4573.6 would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not 'amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . . [l]aws pertaining to smoking or ingesting cannabis' in penal institutions." (*Perry*, *supra*, 32 Cal.App.5th at p. 894.)

The court went on to say that cannabis remains controlled by division 10 and declined to adopt the interpretation offered that would impliedly exclude possession of "small amounts" as not being subject to the statute. (*Perry*, *supra*, 32 Cal.App.5th at p. 896.)

Our Supreme Court has granted review in *Raybon*, *supra*, 36 Cal.App.5th 111, which takes a contrary position to *Perry* on both facets of Archuleta's argument. Ultimately, the high court will resolve the differences in the opinions.

### C. Analysis

In *Whalum*, *supra*, 50 Cal.App.5th 1, review granted August 12, 2020, S262935, we addressed Penal Code section 4573.8, a more broadly worded prohibition on use or ingesting of unauthorized drugs in prison. We found the statute had not been preempted or amended by Proposition 64. We found the carve-out provisions of the proposition retained the validity of the statute.

5

We did not address the validity of Penal Code section 4573.6, as it was not challenged in that case.

We did discuss the *Perry* opinion at length. In regard to the carve out provision, we said: "[W]e agree with *Perry's* analysis regarding the scope of the carve-out section 11362.45, subdivision (d), and we accordingly conclude that Proposition 64 does not affect laws, including Penal Code section 4573.8, which make it a crime to possess cannabis in a correctional institution." (*Whalum*, *supra*, 50 Cal.App.5th at p. 10.)

We are faced with choosing between the analysis in *Perry* and the opposing views expressed in *Raybon*. Pending direction to the contrary from our high court, we will follow the reasoning of *Perry* and hold that Penal Code section 4573.6 remains valid after Proposition 64, and, therefore, we will affirm the order denying Archuleta's petition to vacate his conviction.

DISPOSITION

The order denying the petition to vacate Archuleta's conviction of violating Penal Code section 4573.6 is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


GUERRERO, J.

6